IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ROBERT A. THOMAS AND
REEL NEET LAWN SERVICE, INC.,
D/B/A REEL NEET EROSION CONTROL                                      PLAINTIFFS

V.                                                  CIVIL ACTION NO. 3:19CV47-NBB-RP

REALTY VALUATION, INC.,
JOHN DOE CORPORATION, AND
JOHN DOES 1-5                                                         DEFENDANTS

## MEMORANDUM OPINION

Presently before the court is the motion to dismiss for lack of jurisdiction filed by defendant Realty Valuation, Inc. The plaintiffs filed no response to the motion, and the time period for briefing has closed. The court therefore deems the motion unopposed but will also briefly address the merits.

The plaintiffs, Robert A. Thomas and Reel Neet Lawn Service, Inc., d/b/a Reel Neet Erosion Control, filed their complaint on March 11, 2019, alleging diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332, as the plaintiffs are Mississippi residents, and the named defendant is a Tennessee corporation. The complaint alleges that the defendants negligently performed an appraisal for the plaintiffs resulting in an overvaluation of property which ultimately required the plaintiffs to pay $573,500.00 over the actual value for the redemption of shares of Plaintiff Thomas' business upon the death of his business partner, Bobby D. Pugh. The plaintiffs further allege that as an additional result of the defendants' negligence the plaintiffs' lender required Plaintiff Thomas to personally guarantee the note and to pledge additional, personal assets as collateral to obtain and secure the loan required in order for the plaintiffs to redeem the shares from the Pugh Estate.

The defendant has now moved to dismiss for lack of jurisdiction, asserting that complete diversity of the parties is absent. Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). It is undisputed that defendant Realty Valuation's place of incorporation is Tennessee. A corporation, however, "shall be deemed to be a citizen of every State . . . by which it has been incorporated *and* of the State . . . where it has its principal place of business. . . ." 28 U.S.C. § 1332(c)(1) (emphasis added). "In cases involving corporations, allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation." *Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988). The plaintiffs' complaint fails to comply in this regard.

The defendant alleges that its principal place of business is Hernando, Mississippi. It is from the defendant's headquarters in Hernando, the company's only office, that the defendant's operations are conducted. In other words, the company's "nerve center" from which its officers, managers, and employees direct, control, and coordinate all of the company's activities is located in Mississippi. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (A party asserting diversity jurisdiction must establish the location of a corporation's "nerve center," which is the place "where a corporation's officers direct, control, and coordinate the corporation's activities.").

As the defendant's allegations regarding its citizenship are uncontested, the court finds that complete diversity is lacking. The court therefore lacks subject matter jurisdiction to hear this case, and the case must be dismissed. The defendant's motion to dismiss will be granted. A separate order in accordance with this opinion shall issue this day.

This 26th day of June, 2019.

     /s/ Neal Biggers  
     NEAL B. BIGGERS, JR.  
     UNITED STATES DISTRICT JUDGE